21 F.3d 420
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Weston J. STOW, Plaintiff Appellant,
v.
WARDEN, NH STATE PRISON, ET AL., Defendant, Appellees.
 No. 93-1869
 United States Court of Appeals, First Circuit
 March 31, 1994
 
 Appeal from the United States District Court for the District of New Hampshire [Hon. Joseph A. DiClerico, U.S. District Judge]
 Weston J. Stow on brief pro se.
 Jeffrey R. Howard, Attorney General, and Christopher P. Reid, Attorney, Civil Bureau, on brief for appellees.
 D.N.H.
 AFFIRMED
 Before Breyer, Chief Judge, Torruella and Selya, Circuit Judges.
 Per Curiam.
 
 
 1
 Weston Stow appeals the district court's decision dismissing his action under 42 U.S.C. Sec. 1983 against New Hampshire corrections officials. We affirm.[1]
 
 
 2
 Stow is presently in prison in Massachusetts. Previously, he had been confined in a New Hampshire state prison. While in prison in New Hampshire, Stow sued corrections officials in state court, alleging that a new prison policy permitting the removal and destruction of all newsclippings in incoming letters violated the state constitution. Under the policy, prison officials had removed and destroyed a newsclipping sent to Stow in a family letter, and Stow sought damages and an injunction against enforcement of the policy. After a hearing, the state superior court determined that the no-newsclipping policy was invalid, but denied Stow money damages.
 
 
 3
 Soon after bringing his state suit, Stow filed a section 1983 suit in the federal district court in New Hampshire, seeking declaratory and injunctive relief and damages.[2] Stow alleged that the New Hampshire state prison's publishers only rule "as it appl[ies] to the receipt of both hardcover and softcover as well as looseleaf papers from sources other than a publisher" was unconstitutional and that defendants had illegally seized his personal property. On three occasions, Stow said that he had not been allowed to keep specific printed material contained in incoming letters or dropped off for him by visiting family members. One such occasion involved the same incident and policy on which Stow's state suit was based. In an amended complaint, Stow further alleged that the rule prevented him from receiving newspapers and periodicals from his Massachusetts hometown which he could not afford to subscribe to and which the prison library did not have.
 
 
 4
 In granting judgment on the pleadings, the court determined first that Stow could not litigate his section 1983 claim based on the no-newsclipping policy in federal court. Under state law, Stow would have been barred from litigating that claim since he could have presented it to the court in the state action he brought, but had not. Because state law would not have permitted Stow to litigate his section 1983 claim in state court, the court concluded that Stow was also barred from litigating that claim in federal court, citing Migra v. Warren City School District Board of Education, 465 U.S. 75 (1984). In Migra, the Supreme Court held that a federal court must give the same preclusive effect to a state court judgment as the law of that state would give to that judgment, and it affirmed a district court decision dismissing a section 1983 action brought after the plaintiff had successfully sued in state court under state law on the same claim, because the plaintiff could have, but did not, present the section 1983 issue to the state court in the state action. Id. at 81, 83-85. Under Migra, the district court's ruling was clearly correct. On appeal, Stow contends that the court gave the state court decision preclusive effect with respect to his other claims as well, but the court's decision belies that contention.
 
 
 5
 The district court also correctly decided that Stow's claims for declaratory and injunctive relief regarding the publishers only rule were moot. Plaintiff's own filings establish that he is no longer confined in New Hampshire, but is presently housed in Massachusetts. Accordingly, the district court permissibly relied on the fact of Stow's transfer out of New Hampshire in granting judgment on the pleadings. On appeal, Stow says that Massachusetts corrections officials review his case annually to determine whether he may be paroled, and that he will be returned to a New Hampshire prison to begin serving his sentence there once he is paroled. He claims that his requests for declaratory and injunctive relief are not moot because he may be back in a New Hampshire prison soon. We have no basis for evaluating the validity of that claim on the present record. In any event, his eventual parole in Massachusetts is a contingency, which itself is subject to other contingencies (e.g., what the standards for parole are in Massachusetts and how close Stow comes to meeting them). Therefore, his claims for declaratory and injunctive relief are moot. Cf. Super Tire Engineering Co. v. McCorkle, 416 U.S. 115, 123 (1974) (declaratory relief was warranted where the allegedly injurious governmental action did not rest on "distant contingencies"); see Johnson v. Moore, 948 F.2d 517, 520 (9th Cir. 1991) (per curiam) (prisoner's claims for injunctive relief from publishers only rule were mooted by his transfer to a different facility). Although Stow also argues that his case comes within the capable of repetition yet evading review exception to the mootness doctrine, we have no basis for evaluating that claim. The record does not show (nor has Stow said) how long his sentence in New Hampshire will be once he returns. Cf. Super Tire, supra, 416 U.S. at 126 (capable of repetition yet evading review exception applies where the potentially recurring situation is of "comparatively short duration").
 
 
 6
 Finally, the district court found that New Hampshire's publishers only rule was valid as a matter of law. We affirm its decision on the basis of the qualified immunity defense asserted by defendants on appeal, which, in this case, may be resolved as a question of law. See Febus-Rodriguez v. Betancourt-Lebron, 14 F.3d 87, 90 (1st Cir. 1994) (qualified immunity is a question of law where there are no disputed fact issues). Although defendants did not argue their qualified immunity below, we may affirm a judgment on "any independently sufficient ground." Horta v. Sullivan, 4 F.3d 2, 9 (1st Cir. 1993).
 
 
 7
 Here, Stow's only remaining claim is one for damages allegedly suffered by defendants' application of the state prison's publishers only rule. But he may only sue defendants for damages if their conduct violated "clearly established ... constitutional rights of which a reasonable person would have known." Febus-Rodriguez, supra, 14 F.3d at 91. The question for us, therefore, is not whether defendants' conduct was "clearly constitutional, but whether it [was] clearly unconstitutional." Knox v. McGinnis, 998 F.2d 1405, 1409 (7th Cir. 1993).
 
 
 8
 The publishers only rule challenged by Stow permitted prisoners to receive published materials only from publishers. Stow argued on appeal that the rule was unconstitutional because it did not permit prisoners to obtain materials from visitors or to seek case-by-case exceptions to the rule's outright prohibition of printed materials from nonpublisher sources. Moreover, in his complaint, he had alleged a complete deprivation of certain materials which he could not afford to buy from publishers and which were not available in the prison library. Although this court has sustained a publishers only rule which covered both hardbound and softbound materials as a matter of law in part on the ground that the rule permitted exceptions for certain printed materials brought by visitors, see Kines v. Day, 754 F.2d 28 (1st Cir. 1985), there is nothing in Kines which suggested that a rule without such an exception would be per se unlawful. Moreover, in Ward v. Washtenaw County Sheriff's Department, 881 F.2d 325 (6th Cir. 1989), the Sixth Circuit sustained a publishers only rule which applied to both hardcover and softcover publications and which specifically forbade inmates from receiving publications from visitors. There is authority that suggests a publishers only rule would not be unconstitutional merely because it prevents an inmate from receiving the particular materials he seeks, as long as inmates have access to a "broad range of publications." See Bell v. Wolfish, 441 U.S. 520, 552 (1979) ("where 'other avenues' remain available for the receipt of materials by inmates, the loss of 'cost advantages does not fundamentally implicate free speech values' ") (emphasis in original; citation omitted); Hurd v. Williams, 755 F.2d 306, 308 (3d Cir. 1985) (rejecting an argument that the prison's publishers only rule fell "inequitably" on the poor where the plaintiff had not disputed that he had access to a library); compare Thornburgh v. Abbott, 490 U.S. 401, 418 (1989) (sustaining regulations impinging on First Amendment rights where the regulations permitted "a broad range of publications to be sent, received, and read" and thus afforded inmates sufficient alternative means of exercising those rights). Thus, we cannot say that, when defendants applied their publishers only rule to Stow, the rule was "clearly unconstitutional" because it did not provide for the exceptions suggested by Stow or because Stow was unable to afford to buy particular materials not otherwise available in the prison library. Accordingly, defendants are protected by qualified immunity, and Stow's claim for compensatory damages was properly dismissed. See Johnson, supra, 948 F.2d at 520 (inmate's claim for damages was held preempted by defendants' qualified immunity where circuit law had not yet clearly established that a publishers only rule covering both hardcover and softcover materials was unconstitutional).
 
 
 9
 Affirmed.
 
 
 
 [1]
 Because the facts and legal arguments are adequately presented in the briefs and record, and because our decisional process would not be aided by oral argument, we deny the defendants' request for oral argument. See 1st Cir. Loc. R. 34.1(a)
 
 
 [2]
 Stow's federal complaint named the same defendants as were named in the state suit, as well as an additional defendant